LINDA B. OLIVER (SBN 166720)
loliver@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 646-4700
Facsimile: (205) 254-1999

Attorneys for Defendant
METROPOLITAN LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUNGOAK CHA, | Case No. 4:16-cv-03696 JD |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY [FRCP 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LINDA B. OLIVER** |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY, a corporation, and Does one through ten Inclusive, | |
| Defendants**.** | Date: August 31, 2016 |
| | Time: 10:00 a.m. |
| | Courtroom: 11, 19th Floor |

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on  August 31, 2016 at 10:00 a.m., or as soon thereafter as the parties may be heard, in Courtroom 11 of the above-titled Court, located at 450 Golden Gate Avenue, San Francisco CA 94102, before the Honorable James Donato, United States District Judge, Defendant Metropolitan Life Insurance Company ("MetLife") will and hereby does move, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for an order dismissing claims alleged in Plaintiff's Complaint for failure to state a claim upon which relief can be granted, on the following grounds:

Plaintiff's Complaint is due to be dismissed in its entirety, as it consists solely of impermissible state law claims and demands for extra contractual damages, as such claims and

demands are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and papers filed herein, and upon such other and further matters as may be presented at the hearing.


**DATED:  July 12, 2016**

                                                  MAYNARD, COOPER & GALE, LLP


                                                  */s/ Linda Oliver*
                                                  Linda B. Oliver
                                                  Attorney for Defendant
                                                  METROPOLITAN LIFE INSURANCE
                                                  COMPANY

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Metropolitan Life Insurance Company ("MetLife") respectfully submits its Memorandum of Points and Authorities in Support of its Motion to Dismiss, as follows:

### I.   Introduction and Statement of Facts.

Plaintiff Jungoak Cha ("Plaintiff" or "Cha") alleges in her Complaint that she is insured under a Long-Term Disability ("LTD") insurance policy issued by MetLife.  (*See* Compl., ¶¶ 4-7, attached hereto as Ex. A).  Specifically, Group Policy No. 95910-1-G ("MetLife Policy") was issued by MetLife to Kaiser Foundation Health Plan, Inc. ("Kaiser") to insure the LTD component of Kaiser's employee welfare benefit plan (the "Plan")[1].  The Plan is an employee welfare benefit plan as defined under the ERISA provisions set forth in 29 U.S.C. Section 1002(1).[2]  The Plan was established and maintained by Plaintiff's employer, Kaiser, to provide participating employees with long-term disability benefits.  (Oliver Decl., Ex. B at  52).  Plaintiff, as an employee of Kaiser, was a participant in the Plan.

The Policy and Plan are unambiguously governed by ERISA, yet Plaintiff's Complaint asserts only state law claims against MetLife for bad faith refusal to investigate and settle claims, negligence, and breach of contract, seeking damages allegedly suffered due to the denial of LTD benefits under the Plan.  (Compl., ¶¶ 1-20, Ex. A).   In other words, but for the existence of the

---

[1] Where the plaintiff fails to attach to the complaint documents on which it is based, the defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)).  The Declaration of Linda Oliver attaches the Summary Plan Description and Plan Document for the plan referred to in paragraphs 4-5 and 7 of the Complaint.

[2] Under Section 1002(1), an "employee welfare benefit plan" is defined as

> any plan, fund, or program … established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, … medical, surgical, or hospital care or benefits […].

NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT METROPOLITAN LIFE
INSURANCE COMPANY

Plan, Plaintiff would have no other vehicle under which to pursue her causes of action against MetLife.

While ERISA plan participants, like Plaintiff, may seek a variety of types of relief sanctioned through 29 U.S.C. § 1132(a) – enforcement of plan terms, enjoinment of acts or practices that violate ERISA or plan terms, equitable relief to redress ERISA violations or to enforce ERISA or plan provisions, clarification of rights to future plan benefits, and/or recovery of plan benefits – Plaintiff seeks all manners of impermissible relief, including  "general damages," "special damages," "attorney's fees," "mental and emotional distress" damages, and "exemplary and punitive damages."  (*Id.*)  Plaintiff's state law claims for bad faith (Count I), negligence (Count II) and breach of contract (Count III) thus impermissibly seek to recover damages under common law theories outside of ERISA's statutory framework; therefore, those claims are preempted and due to be dismissed.  Plaintiff's claims for punitive and extra-contractual damages should likewise be dismissed, as such damages are not recoverable under ERISA.

## II.   PLAINTIFF'S STATE LAW CLAIMS FOR BAD FAITH REFUSAL TO INVESTIGATE AND SETTLE CLAIM, NEGLIGENCE, AND BREACH OF CONTRACT MUST BE DISMISSED.

Plaintiff's state law claims are completely preempted by ERISA.  Although Plaintiff's Complaint purports to solely assert state law claims (bad faith refusal to investigate and settle claim, negligence and breach of contract), the well-pleaded complaint rule is qualified by the doctrine of complete preemption.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Aetna Health Inc. v. Davila,* 542 U.S. 200 (2004).  In *Davila*, the Supreme Court set out the following test for complete preemption under ERISA:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B).  **In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's**

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY**

1    cause   of   action   is   completely   pre-empted   by   ERISA
     § 502(a)(1)(B).

2    *Davila*, 542 U.S. at 210 (emphasis added).  Therefore, in order for complete preemption to apply,

3    *Davila* requires inquiry into (1) whether the plaintiff could have brought her claim under ERISA;

4    and (2) whether no other legal duty supports plaintiff's claim.  *Lodi Mem'l Hosp. Ass'n v. Tiger*

5    *Lines, LLC*, No. 2:15-CV-00319-MCE, 2015 WL 5009093, at *7 (E.D. Cal. Aug. 20, 2015).

6          Each of these two elements is satisfied in this case.  First, Plaintiff's claim is within the

7    scope of § 502(a)(1)(B) as she is seeking benefits under the Policy and Plan.  (Compl. at ¶ 4-5, 7-

8    20).  Plaintiff could have brought her claim under § 502(a) as she was a participant as defined by

9    ERISA.  *See* 29 U.S.C. § 1002(7).  Second, there is no separate legal duty supporting Plaintiff's

10   claims as those claims *unquestionably* arise out of an ERISA-governed Plan and relate to the

11   allegedly improper denial of her claim for Plan benefits.  In other words, the duty upon which

12   Plaintiff's claims are based cannot exist independently of the Plan.  Accordingly, both prongs of the

     *Davila* test for complete preemption are met in this case.

13         Besides complete preemption under ERISA § 502(a) (29 U.S.C. § 1132(a)), ERISA also

14   preempts "any and all State laws insofar as they may now or hereafter relate to any employee

15   benefit plan."  *See* 29 U.S.C. § 1144(a).  Claims "relate to" an ERISA plan if they have "a

16   connection with or reference to" an employee benefits plan.  *Pilot Life Ins. Co. v. Dedeaux*, 481

17   U.S. 41, 47 (1987).   State law claims which arise either directly or indirectly from the

18   administration of the plan are therefore also preempted.  *See, e.g.*, *Gibson v. Prudential Ins. Co. of*

19   *America,* 915 F.2d 414, 416 (9th Cir. 1990) (holding that given ERISA's deliberately expansive

20   preemption provisions, all of Plaintiff's claims were preempted by ERISA, as the claims related to

     the allegedly improper denial of benefits under an ERISA plan and did not arise independently from

21   the plan).

22         Courts within the Ninth Circuit have routinely dismissed state law causes of action when the

     allegations merely "relate to" an ERISA plan.  *See, e.g., Moeller v. Qualex, Inc.*, 458 F. Supp. 2d

23   1069 (C.D. Cal. 2006) (finding that conflict preemption under ERISA barred plaintiff's state law

24   claims for damages in connection with a denial of disability benefits under an ERISA plan, despite

25

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT METROPOLITAN LIFE
INSURANCE COMPANY**

plaintiff's assertion that her claims did not "relate to" an ERISA-covered plan because she was not seeking benefits from the plan, but rather, was seeking money damages); *Nutrishare, Inc. v. Connecticut Gen. Life Ins. Co.*, No. 2:15-CV-00351-JAM-AC, 2015 WL 4225513, at *3 (E.D. Cal. July 10, 2015) (finding that state law claims were dismissed with prejudice as preempted under ERISA); *Jabour v. CIGNA Healthcare of California, Inc.*, 162 F. Supp. 2d 1119 (C.D. Cal. 2001) (holding that participant's claim, under California law, for tortious breach of implied covenant of good faith and fair dealing was preempted by ERISA and not excepted by its saving clause.)

As set forth above, Plaintiff's Complaint sets forth causes of action pursuant to the common law of the State of California, and such state laws which "relate to" the Plan are completely preempted, conflict preempted, and barred by the clear provisions of ERISA. Accordingly, these claims are due to be dismissed, and the Complaint should thus be dismissed in its entirety. Alternatively, Plaintiff's breach of contract claim seeking benefits under the Plan should be converted and restated as a claim under § 501(a)(1)(B) of ERISA.

### III. PLAINTIFF'S CLAIM FOR EXTRA CONTRACTUAL DAMAGES IS IMPROPER UNDER ERISA

In her Complaint, Plaintiff alleges that MetLife acted in bad faith, intentionally breached the contract, denied benefits, and knowingly made false representations to Plaintiff. (*See* Compl. at ¶ 10-13). Plaintiff claims she is thus entitled to punitive damages to punish MetLife for its conduct. (Compl. at ¶ 11 and "WHEREFORE" paragraphs).

Plaintiff's claim for extra-contractual damages (including special, exemplary and general) and punitive damages are due to be dismissed or stricken from the Complaint, as such damages are not recoverable under ERISA. *Ingersoll-Rand Co. v. McClendon*, 111 S. Ct. 478 (1990); *Greenburg v. Life Ins. Co. of N. Am.*, No. C 08-03240 JW, 2008 WL 5396387, at *2 (N.D. Cal. Dec. 18, 2008) (granting the motion to strike punitive damages prayer for relief, as "Plaintiff's pursuit of punitive damages cannot be construed as "independent" of his benefit plan because the harm that he seeks to vindicate is the withholding of his disability benefits through the termination of his contract with LINA.")

1

2    WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Life Insurance

Company respectfully requests that this Honorable Court (1) dismiss Plaintiff's Complaint in its

3   entirety as it consists solely of preempted state law claims of bad faith refusal to investigate and

4   settle claim, negligence and breach of contract; and (2) dismiss Plaintiff's request for extra-

5   contractual damages as such claims and demands are preempted by the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

6

7                                                    Respectfully submitted,

8

9                                                    */s/ Linda Oliver*
                                                     Linda B. Oliver
10                                                   Attorney for Defendant
                                                     METROPOLITAN LIFE INSURANCE
11                                                   COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT METROPOLITAN LIFE
INSURANCE COMPANY**